Eastern District of Kentucky
FILED
DEC 0 7 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-11-GWU

JERRY W. FRANCE,                                                            PLAINTIFF,

VS.                      **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                                DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); <u>Crouch v. Secretary of Health and Human Services</u>, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Crouch</u>, 909 F.2d at 855.

1

France

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

2

France

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary,

3

France

778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The administrative law judge (ALJ) found that France suffered from diabetes, hypertension, elevated cholesterol and chronic obstructive pulmonary disease. (Tr. 22). The associated limitations were believed to produce a physical residual functional capacity consistent with the opinion of Consultative Examiner Hughes Helm (Tr. 23). Since significant numbers of alternative jobs were identified by the Vocational Expert (VE) consistent with Helm's factors, the claims for benefits were denied. (Tr. 26).[1]

The plaintiff focuses on the residual functional capacity findings and the failure to credit the underlying opinions of a treating source in making that finding. However, as was noted by the defendant, the 2001 opinion of Ray Varghese (Tr. 154-156) predates the period under consideration and was analyzed and rejected

---

[1]At the administrative hearings, the current ALJ asked the VE to clarify whether additional physical restrictions noted by a prior ALJ would impact the jobs cited. (Tr. 61-62). The VE replied that the same alternative jobs would be available. (Tr. 62). Thus, additional factors were actually considered beyond the Helms' opinion.

4

France

in the prior unappealed agency decision of November 7, 2001 (Tr. 70). Varghese's 2002 statement (Tr. 254) did not expressly deal with functional limitations.[2]

The plaintiff does not focus on his mental condition and, for the reasons stated in the defendant's brief at p. 7, this aspect of the plaintiff's condition was well considered by the ALJ.

The plaintiff does argue that his education was improperly assessed. The ALJ found that the plaintiff had a "high school" education (Tr. 26) which was at variance with the previous ALJ's findings (Tr. 74) as well as the plaintiff's own recent statements about his own formal education and literacy level (Tr. 43, 129). However, critically, the plaintiff has produced no evidence that the jobs cited would have been affected by a lower educational level than "high school."

The decision will be affirmed.

This the ___7___ day of December, 2005.

*[signature]*
G. WIX UNTHANK
SENIOR JUDGE

---

[2]The Court notes that Examiner Glen Baker's opinion concerning the plaintiff's pulmonary limitations was outside the relevant period. (Tr. 158). Moreover, given the fact (as noted in footnote 1) that the previous ALJ's environmental restrictions were posed to the vocational expert (Tr. 61) and had resulted in no reduction of job numbers (Tr. 62), any pulmonary abnormalities were adequately considered.